Jane Doe, Respondent, v Allstate Insurance Company, Appellant, and Jill Doe et al., Respondents.

Fourth Department, February 5, 1993

## APPEARANCES OF COUNSEL

*Hurwitz & Fine, P. C.,* Buffalo *(Amy Carroll* of counsel), for appellant.

*Magavern & Magavern,* Buffalo *(Marianne Hanley* of counsel), for Jane Doe, respondent.

*Maloney, Gallup, Roach, Brown & McCarthy,* Buffalo *(Daniel Roach* of counsel), for John Doe, respondent.

*Hamsher & Valentine,* Buffalo *(Richard Valentine* of counsel), for Jill Doe, respondent.

## OPINION OF THE COURT

LAWTON, J.

This appeal concerns whether coverage should be provided under a homeowners general liability policy in an intrafamilial action that alleges sexual, physical and psychological abuse. In determining this declaratory judgment action, we need not be concerned with the truth or falsity of the facts alleged in the underlying action, as we must deem them to be true. Those facts are most unsettling because the allegations are so egregious as to overwhelm a reader of the complaint.

The complaint in the underlying action, brought by Jill Doe, the daughter of Jane Doe and John Doe, who is now deceased, alleges in detail acts of sexual abuse and child molestation by her father beginning when she was four years old and continuing with regularity until she reached puberty. Additionally, it is alleged that after she reached puberty her parents continued a course of physical, emotional and psychological abuse that persisted until she was 25 years of age.

Upon receipt of the summons and complaint, Jane Doe and John Doe delivered them to their insurance carrier (Allstate), which disclaimed coverage. Allstate cited three reasons for its disclaimer: (a) the personal injuries alleged by their daughter were expected or intended by the insureds; (b) their daughter was an "insured person" and therefore her injuries were not covered by the policy; and (c) the insureds did not promptly notify Allstate of the occurrences complained of. Thereafter, plaintiff Jane Doe commenced this declaratory judgment ac-

tion seeking a declaration that Allstate is obligated to defend her in the underlying personal injury lawsuit and to indemnify her in the event that judgment is rendered against her on a cause of action covered under the policy. Allstate answered the declaratory judgment complaint, raising the same defenses asserted by it in its disclaimer letter.

Supreme Court, without a writing, granted the insureds' cross motions for summary judgment, denied Allstate's cross motion for summary judgment and declared *inter alia* that Allstate must provide separate defenses to each of its insureds in the underlying action. Supreme Court dismissed without prejudice that part of the declaratory judgment action that sought indemnity as being premature.

Subsequent to Supreme Court's order, the Court of Appeals decided *Allstate Ins. Co. v Mugavero* (79 NY2d 153), which held that acts of sexual abuse are intentional in nature and do not come within the coverage of a homeowners liability policy. That holding is dispositive of the sexual abuse allegations contained in the underlying complaint.

There remains the question, however, whether the balance of Jill Doe's allegations of other forms of parental abuse and alleged failures to provide proper parental and intrafamilial care and support are covered. In making that determination, we need not decide whether each cause of action pleaded is sufficient to state a cause of action, but, rather, whether the acts alleged as a basis for each cause of action are intentional within the meaning of the policy's exclusions. For reasons hereinafter stated, we believe that they are.

Aside from the jurisdictional allegations, the underlying complaint consists of 337 paragraphs detailing intentional acts of sexual, emotional and psychological abuse of Jill Doe by her parents. The acts of sexual abuse include acts of molestation, sodomy and rape. The acts of emotional and psychological abuse consist of failing to obtain psychological treatment or counselling for their daughter and, when provided, improperly interfering with such treatment; willfully subjecting their daughter to acts of sexual abuse by a third party; acting in a manner calculated and intended to keep their daughter submissive to her father; intentionally interfering with their daughter's education; and much more.

Paragraphs 338 through 341, constituting Jill Doe's first cause of action, allege that:

"338. The conduct of the Defendant [John Doe] M.D., as

alleged herein, in the period from 1970 through and including the present date, constitutes a continuous, deliberate and malicious campaign of harassment, intimidation, abuse and neglect calculated to render the Plaintiff [Jill Doe] totally submissive to the Defendant's manipulation, dominance and control.

"339. By engaging in this continuous campaign of harassment, intimidation, abuse and neglect in the period from 1970 through and including the present date, the Defendant [John Doe] M.D., has conducted himself toward the Plaintiff [Jill Doe] in a manner so outrageous that it shocks the conscience of all reasonable persons and is so offensive to generally accepted standards of decency and morality that such conduct is not tolerable in a decent society.

"340. The Defendant [John Doe] M.D., has intentionally engaged in this continuous campaign of harassment, intimidation, abuse and neglect toward the Plaintiff [Jill Doe] for the purpose of causing severe physical injury and mental distress to the Plaintiff [Jill Doe].

"341. As a direct and proximate consequence of the Defendant's culpable conduct, as alleged herein, the Plaintiff [Jill Doe] has sustained serious, painful and permanent injuries, including, but not limited to, bulimia, gynecologic injuries including dysfunctional uterine bleeding, malnutrition, compulsive buying, compulsive self-mutilation, compulsive sexual promiscuity, multiple suicide attempts, recurrent suicidal ideations, self-hatred, destruction of self-esteem, dissociation, fear, chronic depression, chronic anxiety, sleeplessness, inability to form close intimate relations, physical, emotional and psychological scarring and disfigurement, physical pain and suffering and emotional anguish and suffering, all of which mandate an award of compensatory damages to the Plaintiff [Jill Doe] in the amount of Ten Million Dollars ($10,000,000.00), together with an award of punitive damages to the Plaintiff [Jill Doe] in the amount of Twenty-Five Million Dollars ($25,000,000.00)."

The preceding paragraphs of the complaint were incorporated by reference in each of the subsequent 16 causes of action alleged by Jill Doe against John Doe. Likewise, the preceding paragraphs of the complaint were incorporated by reference in the 11 causes of action brought by Jill Doe against Jane Doe. Additionally, several of the causes of action against Jane Doe contain allegations of negligence by reason

of her failure to protect their daughter from the sexual abuse perpetrated against her by her father. Because the allegations against John Doe, "an insured", are not covered, there can be no coverage for his wife, who is also an insured, for failing to protect their daughter *(see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 163-164, *supra).* The remainder of the allegations brought against the mother allege intentional abuse.

None of the acts alleged in the underlying complaint constitutes an "accidental loss", which is the only loss for which coverage is provided. We do not believe that the acts of abuse, alleged to have occurred subsequent to the sexual abuse, can be viewed as anything but intentional. Those acts constitute psychological and mental abuse and we cannot perceive why the rule set forth by the Court of Appeals in *Allstate Ins. Co. v Mugavero (supra)* relating to sexual abuse should not apply. Abuse, regardless of the form it takes, must be deemed intentional. Such conduct is inherently harmful and an intent to injure must be inferred as a matter of law. The injuries alleged to have been inflicted upon Jill Doe are the same in all her causes of action, and are inherent in the nature of the abusive acts. Each cause of action, after reiterating all the previous allegations relating to sexual abuse, sets forth additional facts that form part of her parents' alleged continuous course of abusive conduct. It would be impossible for a medical expert to assess specific injuries for each alleged separate act of abuse. Likewise, no jury could rationally assess specific damages for each separate act of abuse. Although 28 separate causes of action are alleged, in reality they constitute but one cause of action, viz., intentional infliction of emotional distress, and if proven, there can be but one award of damages *(see, Laurie Marie M. v Jeffrey T. M.,* 159 AD2d 52, *affd* 77 NY2d 981). A person's mental well-being can be destroyed only once *(see generally, National Apparel Adj. Council v Dun & Bradstreet,* 42 AD2d 58, 62, *lv denied* 33 NY2d 518).

If the alleged acts of abuse are proven, then any injuries resulting were "intentionally caused" as a matter of law. Because the conduct complained of is intentional, absent an express agreement in the insurance policy to provide coverage for such actions, there can be no coverage *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 400-401; *see also, Hartford Acc. & Indem. Co. v Village of Hempstead,* 48 NY2d 218, 225-228). Because there is no factual or legal basis upon which an obligation to indemnify under any provision of the

policy might be based, there can be no duty to defend *(see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875).

Moreover, it is a question of public policy whether a homeowners liability policy should provide insurance coverage to persons who abuse their children. We think not, for the same reasons stated by the majority of the Court of Appeals in *Allstate Ins. Co. v Mugavero* (79 NY2d 153, 161, *supra).*

Accordingly, the order of Supreme Court should be reversed, the insureds' cross motions for summary judgment denied, defendant Allstate's cross motion for summary judgment granted and it should be declared that Allstate is not obligated to defend or indemnify plaintiff or the estate of decedent in the underlying action.

CALLAHAN, J. P., PINE, BOEHM and FALLON, JJ., concur.

Judgment unanimously reversed, on the law, without costs, insureds' cross motions denied, defendant Allstate's cross motion granted, and judgment granted in accordance with the opinion by LAWTON, J.