■ GERALD MONTER et al., Appellants, v CNA INSURANCE COMPANIES et al., Respondents, et al., Defendants. [608 NYS2d 692] —In an action, *inter alia,* for a judgment declaring that the defendants CNA Insurance Companies and Atlantic Mutual Companies are obligated to indemnify the plaintiffs in an underlying wrongful death action pursuant to policies of liability insurance, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered November 19, 1991, which, *inter alia,* denied the plaintiffs' motion for summary judgment, granted the cross motions of the defendant insurance carriers for summary judgment, and declared that they are not required to defend or indemnify the plaintiffs.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiff Gerald Monter, the president of Holiday Management Associates, Inc. (hereafter Holiday) was criminally charged, *inter alia,* with instructing his chauffeur, Lawrence A. Masotti, a Holiday employee, to confront and attack Winthrop A. Frost, another Holiday employee. The criminal complaint alleged that Frost was shot and killed. Monter was acquitted of all charges, except one count relating to the bribery of Masotti. In the underlying wrongful death action, Paula Frost, as Administrator of Frost's estate, alleges that, as a result of an argument, Monter instructed Masotti to hire unidentified men to break Frost's legs, but that they shot and killed him instead.

The critical question here is whether the harm that resulted to the decedent Frost from the assaults allegedly committed on him by the plaintiffs' employees could have been other than harm "intentionally caused" within the meaning of the policy exclusions *(see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 159). This Court must look to the pleadings in the wrongful death action and limit its examination to the nature of the plaintiffs' conduct *(see, Allstate Ins. Co. v Mugavero, supra).* Even if Monter denies these allegations, this Court must assume, for the purpose of determining coverage, that

what is alleged actually happened *(see, Allstate Ins. Co. v Mugavero, supra)*. Here, the complaint alleges that Monter conspired with Masotti and instructed him to recruit others to confront the decedent and to "intentionally, physically and maliciously attack [Frost] with great force and violence that should result in a beating of [Frost] including the breaking of both of his legs", that the plan went awry, and that the decedent's death ensued. The pleadings allege acts, which, if proven, would constitute, at the least, a conspiracy to commit an intentional assault on, if not the death of, the decedent. The plaintiffs argue that they are entitled to defense and indemnification because the complaint "asserts that Frost's death was the unintended result of the alleged intentional actions (assault)", and alternatively, that the plaintiffs were guilty of gross negligence. The Court of Appeals has explicitly rejected these precise contentions *(see, Allstate Ins. Co. v Mugavero, supra, at 160)*. Although more than a causal connection between the intentional act and the resultant harm is required to prove that the harm was intended, in *Mugavero* the Court of Appeals held that where the harm to the victims was inherent in the nature of the acts alleged, whatever injuries resulted were, as a matter of law, "intentionally caused" within the meaning of the policy exclusion *(see, Allstate Ins. Co. v Mugavero, supra, at 161)*. Here, the harm (physical injury to the decedent) was inherent in the nature of the acts alleged (hiring someone to break his legs) so that whatever injuries resulted (death) were intentionally caused within the meaning of the policy exclusion.

The plaintiffs' alternative argument that the allegations that they are guilty of gross negligence require the insurance carriers, at the least, to defend them, is likewise without merit. Although it is settled law that an insurer must afford its insured a defense unless it can show that the allegations of the complaint put it solely within the policy exclusion, that analysis depends on the facts which are pleaded, not the conclusory assertions. Thus, where it can be determined from the factual allegations that no basis for recovery within the coverage of the policy is stated in the complaint, a court may sustain the insurer's refusal to defend *(see, Allstate Ins. Co. v Mugavero, supra, at 162-163)*. Here, the allegation that the plaintiffs' acts were committed "in a manner constituting gross negligence which directly and proximately caused the [decedent's] death" was totally inconsistent with the allegation that an intentional, malicious assault was committed. No different or additional facts were pleaded. Nor does any read-

ing of the plaintiffs' motion papers suggest that there is any evidentiary support for the conclusory characterization of the plaintiffs' conduct as grossly negligent or provide an explanation of how the intrinsically intentional acts of assault could be negligently performed *(see, Allstate Ins. Co. v Mugavero, supra,* at 163; *cf., Nancie D. v New York Cent. Mut. Fire Ins. Co.,* 195 AD2d 535). Accordingly, the Supreme Court properly declared that the defendant carriers are not obligated to defend and indemnify the plaintiffs. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.