■ FLORENCE K. MYERS, Respondent, v STATE FARM INSURANCE COMPANIES, Appellant. [614 NYS2d 834] —Judgment insofar

as appealed from unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Supreme Court properly declared that defendant has no duty to indemnify plaintiff in the underlying personal injury action. Plaintiff's homeowner's policy clearly and unambiguously excludes coverage for bodily injury arising out of the ownership or use of a motorized vehicle "while off an insured location." The complaint alleges, and plaintiff admits, that the accident occurred off an insured location.

The court erred, however, in declaring that defendant has a duty to defend plaintiff. "The insurer bears the burden of proving that the facts alleged in the complaint do not fit within the range of the policy's coverage" *(County of Columbia v Continental Ins. Co.,* 83 NY2d 618, 627). Defendant met that burden by demonstrating " 'that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions' " *(Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 159). Defendant, therefore, is entitled to judgment declaring that it has no duty to provide plaintiff a defense in the underlying personal injury action *(see, Allstate Ins. Co. v Mugavero, supra; International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.