MAX W. JACOBS et al., Respondents, v AETNA CASUALTY AND SURETY COMPANY, Appellant, et al., Defendant. [628 NYS2d 894] —Order unanimously reversed on the law without costs, motion granted, first cause of action against defendant Aetna Casualty and Surety Company dismissed and cross motion denied. Memorandum: Plaintiffs commenced this action against defendants under insurance policies issued to plaintiffs Max W. Jacobs and Helen T. Jacobs to recover costs incurred in appealing an amended judgment rendered against plaintiff Seth Jacobs in the underlying action. Plaintiffs also sought to recover costs incurred for the services of an expert retained by defendants' trial counsel. Subsequent to the jury's verdict in the underlying action, defendant Aetna Casualty and Surety Company (Aetna) disclaimed coverage.

Supreme Court erred in denying the motion of Aetna for partial summary judgment dismissing the first cause of action of the amended complaint, which sought recovery for the costs of the appeal. It further erred in granting the cross motion of plaintiffs for partial summary judgment in their favor against Aetna on that cause of action.

Aetna demonstrated its entitlement to judgment in its favor as a matter of law by the submission of evidentiary proof in admissible form establishing that the trial court dismissed the negligence cause of action against plaintiff Seth Jacobs and that the jury awarded Mary Kate O'Connell, the plaintiff in the underlying action, damages for injuries she sustained not from negligence but from an intentional assault. Because the appeal from the underlying amended judgment concerned only the intentional assault, which is specifically excluded from coverage under the policy issued by Aetna *(see, Pawelek v Secu-*

*rity Mut. Ins. Co.,* 143 AD2d 514, *lv denied* 74 NY2d 603), Aetna had no duty to defend plaintiffs on their appeal from that judgment *(see, New York Cas. Ins. Co. v Ward,* 139 AD2d 922). Plaintiffs failed to raise an issue of fact in opposition to Aetna's motion. Furthermore, we reject the argument of plaintiffs that the record establishes that there is a "remote" possibility that the jury found that the injuries sustained by O'Connell were the unexpected and unintended result of an intentional act committed by Seth Jacobs. Rather, the harm to O'Connell was "inherent in the nature of the acts alleged * * * so that whatever injuries resulted * * * were intentionally caused within the meaning of the policy exclusion" *(Monter v CNA Ins. Cos.,* 202 AD2d 405, 406; *see, Pawelek v Security Mut. Ins. Co., supra; see also, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 161; *Doe v Allstate Ins. Co.,* 187 AD2d 181, 185, *lv denied* 82 NY2d 657). Thus, Aetna is entitled to summary judgment dismissing the first cause of action asserted against it. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.— Indemnification.) Present—Pine, J. P., Lawton, Callahan, Davis and Boehm, JJ.