■ JAMES LITRENTA et al., Appellants, v REPUBLIC INSURANCE, Presently Known as BLUE RIDGE INSURANCE COMPANY, Respondent. [665 NYS2d 679] —In an action, *inter alia,* to enforce a money judgment, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County

(Gowan, J.), dated December 26, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, denied their cross motion for a declaration that the defendant is obligated to provide coverage for the claim which is the basis of the money judgment, and declared that the subject insurance policy did not provide coverage for the claim at issue.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff James Litrenta sustained personal injuries when Richard McDermott, among others, struck him. McDermott was subsequently convicted of assault in the second degree. Litrenta thereafter obtained a money judgment against McDermott for damages sustained as a result of the personal injuries inflicted upon him by McDermott. Thereafter, the plaintiffs commenced this action against the defendant seeking enforcement of the money judgment pursuant to a homeowners insurance policy issued by the defendant to McDermott's grandmother, with whom he was residing at the time of the incident. The defendant denied coverage pursuant to an exclusion in its policy which provides that its coverage provisions for personal liability and medical payments to others "do not apply to bodily injury or property damage which is expected or intended by *the* insured" (emphasis added). The plaintiffs contend that the exclusion does not apply to Richard McDermott because he is *"an* insured", rather than *"the* insured", under the policy, citing *Allstate Ins. Co. v Mugavero* (79 NY2d 153, 164). We disagree.

In general, it is contrary to public policy to insure against liability arising directly against an insured from his violation of a criminal statute (*see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, *supra; Messersmith v American Fid. Co.,* 187 App Div 35, *affd* 232 NY 161; *Arenson v National Auto & Cas. Ins. Co.,* 45 Cal 2d 81, 286 P2d 816; *Sheehan v Goriansky,* 321 Mass 200, 72 NE2d 538; *Haser v Maryland Cas. Co.,* 78 ND 893, 900, 53 NW2d 508; *Pawtucket Mut. Ins. Co. v Lebrecht,* 104 NH 465, 190 A2d 420; *see also, McConnell v Commonwealth Pictures Corp.,* 7 NY2d 465). To adopt the plaintiffs' interpretation of the exclusionary clause, under the circumstances of this case, would be void as against public policy. Accordingly, the subject insurance policy does not provide coverage to McDermott for his wrongful acts (*see, Messersmith v American Fid. Co., supra).* Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.