NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,
Plaintiff,

v.

Patrick DISTAFFEN, Etta J. Distaffen,
Patsy Distaffen, and Northern King
Lures, Inc., Defendants.

No. 96–CV–6478T.

United States District Court,
W.D. New York.

Nov. 12, 1998.

Patrick Tomovic, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, NY, for Nationwide Mutual Fire Insurance Company, plaintiff.

Norman A. Palmiere, Palmiere Law Firm, P.C., Rochester, NY, for Etta J. Distaffen, Patsy S. Distaffen and Northern King Lures, Inc., defendants.

## DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

In this declaratory judgment action, plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide") seeks a determination that it is not obligated to defend or indemnify defendants in an action brought against them in New York State Supreme Court by Scott Underwood (an infant) and his father Jesse Underwood for damages resulting from the sexual abuse of Scott Underwood by Patrick Distaffen. Nationwide moves for summary judgment on grounds that there are no material issues of fact in dispute, and that it is entitled to summary judgment as a matter of law.

Defendants Patsy and Etta Distaffen (parents of Patrick Distaffen) along with Northern King Lures, Inc., counterclaim seeking a determination that they are entitled to a defense and indemnification by Nationwide. These defendants cross-move for summary judgment as well. Plaintiff also moves for a default judgment against defendant Patrick Distaffen because of his failure to appear in this action.

### BACKGROUND

From approximately 1986 to 1991, Patrick Distaffen sexually abused and sodomized Scott Underwood who was, during that period, an infant. Distaffen, who was approximately 40 years old at the time, lived with his parents Patsy and Etta Distaffen in their home, and was also employed by the family business, Northern King Lures. In 1995, Distaffen pled guilty to four counts of sodomy for sexually abusing Scott Underwood and was sentenced to serve 9 to 25 years in prison—a sentence which he is currently serving.

In 1996, Jesse Underwood, the father of Scott Underwood, commenced an action in State Supreme Court on behalf of himself and his infant son Scott against Patrick, Etta, and Patsy Distaffen, and Northern King Lures, Inc. The Underwoods seek damages against Patrick Distaffen for physical and emotional damage suffered by Scott and his father as a result of the abuse Scott suffered. The State Court Complaint also seeks damages against Patsy and Etta Distaffen, and Northern King Lures, Inc., for such "acts" as: (1) the failure of the Distaffens to maintain safe premises at their home and place of business by failing to supervise their 40 year-old son Patrick Distaffen, and continuing to employ him (See Count Eight of the Complaint); (2) engaging in the "ultra hazardous activity" of allowing their son to live in their house and work for their company (See Count Nine of the Complaint); (3) failing to disclose to the Underwoods or governmental authorities their knowledge or suspicion of Distaffen's alleged propensities to sexually abuse children (See Counts 8, 11, and 12 of the Complaint); and (4) discriminating against Scott Underwood with respect to his "employment" at Northern King Lures (See Count 13 of the Complaint). The Complaint also alleges liability for damages against Northern King Lures on the basis of Respondeat Superior liability. I do not pass on the merits (or lack thereof) of any of these purported causes of action. The

only issue before this court is whether or not defendants are entitled to a defense and indemnification in the action pending in State Court under the provisions of their Homeowners' policies with Nationwide.

## DISCUSSION

### I. Plaintiff's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54 (2nd Cir.1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Annis v. County of Westchester,* 136 F.3d 239, 247 (2nd Cir.1998).

Nationwide seeks declaratory judgment determining that it is not obligated to either defend or indemnify the defendants under the terms of its Homeowners' policies issued to Patsy and Etta Distaffen. Defendants concede that Nationwide is not obligated to defend or indemnify Patrick Distaffen for any claims arising from his intentional acts, including the intentional sexual abuse of Scott Underwood. Etta and Patsy Distaffen and Northern King Lures, Inc. contend, however, that they are entitled to a defense and indemnification for claims brought against them for their alleged negligence. Accordingly the sole issue for determination is whether or not Patsy and Etta Distaffen, and Northern King Lures are entitled to a defense under the terms of the Homeowners' policy with Nationwide. I find that coverage for the conduct complained of in the State court Complaint is excluded by the Nationwide policies, and hold that plaintiff is entitled to a determination that it is not obligated to defend or indemnify any of the defendants.

### II. Nationwide is not obligated to provide coverage to the Distaffens under the terms of its policy

The Homeowners' policies issued to Patsy and Etta Distaffen by Nationwide provide that it will pay damages that the insured is legally obligated to pay due to an "Occurrence" which is defined as: "bodily injury ... resulting from: a. one accident; or b. continuous repeated exposure to the same general condition." The policies also exclude coverage for bodily injury that is "expected or intended by the insured." [1]

The claims made in the State Court action against the defendants did not result from an "accident" which would trigger coverage under the homeowner policies. The harm to Scott Underwood was inherent in the very nature of the acts performed and the resulting injuries to him are as a matter of law "intentionally caused" within the meaning of Nationwide's policy exclusion. *See Allstate Ins. Co. v. Mugavero,* 79 N.Y.2d 153, 581 N.Y.S.2d 142, 589 N.E.2d 365 (1992). Writing for the Supreme Court of New Hampshire, current U.S. Supreme Court Justice Souter explained, "an insured's intentional act [cannot] be an accidental cause of injury when [the act] is so inherently injurious that it cannot be performed without causing the resulting injury." *Vermont Mutual Insurance Co. v. Mal-*

---

1. Nationwide issued three Homeowners policies to Patsy and Etta Distaffen covering a period from 1977 through 1997. The definition of an "occurrence" is the same under all three policies. *See* Exhibits A, B, and C to the Affidavit of James J. Hoefer.

*colm,* 128 N.H. 521, 517 A.2d 800, (N.H. 1986); *Gearing,* 665 N.E.2d at 1119.

■ Distaffen was convicted on four counts of sodomy in the Second Degree for sexually abusing Scott Underwood. Almost all courts that have examined the issue have held that bodily injury is an intended or expected result of sexual abuse of a child, regardless of the abuser's subjective intent. *Worcester Ins. Co. v. Fells Acres Day School, Inc.,* 408 Mass. 393, 558 N.E.2d 958, 964 (Mass.1990) (describing rule that allows courts to infer intent to injure from act of sexual abuse of a child as "unanimous"); *Allstate,* 79 N.Y.2d at 161–2, 581 N.Y.S.2d 142, 589 N.E.2d 365 (holding that no coverage exists under homeowner's policy for child abuse comports with "almost all of the State and Federal courts which have decided identical or very similar coverage questions arising out of sexual abuse of children)." This "inferred intent" rule, under which intent to injure is inferred from the sexual nature of the act performed on a minor child, has been adopted by Courts across the country. *Gearing v. Nationwide Ins. Co.,* 76 Ohio St.3d 34, 665 N.E.2d 1115, 1118 (Ohio 1996); *Allstate,* 79 N.Y.2d 153, 581 N.Y.S.2d 142, 589 N.E.2d 365; *Worcester Ins.,* 408 Mass. 393, 558 N.E.2d 958; *B.B. v. Continental Ins. Co.,* 8 F.3d 1288, 1293 (8th Cir.1993). I adopt this rule and hold that the bodily injury that occurred here was expected or intended by an insured, and that no coverage for defense or indemnification against civil charges arising out of Patrick Distaffen's sexual abuse of Scott Underwood is owed under the policies.

■ The remaining defendants contend, however, that they are entitled to a defense and indemnification for the derivative claim made by Scott Underwood's father. Those claims could not have been asserted but for the sexual abuse of his child, for which there is no insurance coverage. *Gearing,* 665 N.E.2d at 1120 (no coverage for claims that are derivative of primary claims that are not covered under the policy). Accordingly I find that plaintiff is not obligated to defend or indemnify any of the defendants to this action.

## CONCLUSION

The injuries suffered by Scott and Jesse Underwood did not result from an "occurrence" as that term is defined under the Nationwide insurance policies issued to the defendants and, therefore, they are not entitled to defense and indemnification under the terms of their Homeowners' policies. Moreover, there is no coverage for the intentional acts caused by defendant Patrick Distaffen as the harm caused to Scott Underwood was inherent in the act of sexually abusing a child and thus excluded from coverage under the policies. Since the injuries suffered by Scott Underwood were intentionally inflicted, none of the defendants are entitled to coverage under the polices. Finally, defendants are not entitled to defense or indemnification for charges brought by Jesse Underwood, as those claims are derivative of primary claims for which there is no insurance coverage. Accordingly, plaintiff's motion for summary judgment is granted, and I hereby declare and determine that the Nationwide Mutual Fire Insurance Company under the terms of its policies is not obligated to defend or indemnify Patrick Distaffen, Etta Distaffen, Patsy Distaffen, or Northern King Lures for any claims brought against them in the state court action by Scott and Jesse Underwood. Defendants's cross motion for summary judgment is denied. Plaintiff shall have judgment by default against Patrick Distaffen.

ALL OF THE ABOVE IS SO ORDERED.