# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**82**

**CA 12-01337**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

GEORGETOWN CAPITAL GROUP, INC. AND JOSEPH
CURATOLO, PLAINTIFFS-RESPONDENTS,

                    V                               MEMORANDUM AND ORDER

EVEREST NATIONAL INSURANCE COMPANY,
DEFENDANT-APPELLANT,
AND ROYAL ALLIANCE ASSOCIATES, INC., DEFENDANT.

---

SAIBER LLC, FLORHAM PARK, NEW JERSEY (DAVID J. D'ALOIA, OF THE NEW
JERSEY BAR, ADMITTED PRO HAC VICE, OF COUNSEL), LIPPES MATHIAS WEXLER
FRIEDMAN LLP, BUFFALO, FOR DEFENDANT-APPELLANT.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (HUGH C. CARLIN OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Gerald
J. Whalen, J.), entered April 20, 2012 in a declaratory judgment
action. The judgment, among other things, granted in part plaintiffs'
motion for partial summary judgment and denied in part the cross
motion of defendant Everest National Insurance Company for summary
judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting judgment in favor of
plaintiff Georgetown Capital Group, Inc. as follows:

It is ADJUDGED and DECLARED that Everest National
Insurance Company is obligated to provide a defense to that
plaintiff in the underlying federal actions,

and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking a
declaration that defendant Everest National Insurance Company (ENIC)
is obligated to defend and indemnify them in two underlying federal
securities actions pursuant to a securities broker/dealer's
professional liability policy (hereafter, policy) that ENIC issued to
defendant Royal Alliance Associates, Inc. (hereafter, Royal). Royal
is an SEC-registered broker-dealer and investment advisor, and
plaintiff Georgetown Capital Group, Inc. (hereafter, Georgetown) is a
financial services firm that offers securities and financial advisory
services through Royal. Georgetown's investment advisors are all
registered representatives of Royal. Plaintiff Joseph Curatolo is the

president and sole shareholder of Georgetown and also a registered representative of Royal.

The amended complaints in the underlying actions allege that Timothy Geidel, a former Georgetown employee and registered representative of Royal, offered and sold unregistered and fictitious securities to investors and that Royal and Georgetown failed to supervise Geidel. Geidel ultimately pleaded guilty in federal court to wire fraud and structuring.

Plaintiffs moved for partial summary judgment on the first and second causes of action seeking a declaration that ENIC is obligated to defend plaintiffs and/or Royal in the underlying actions, and ENIC cross-moved for summary judgment, contending that it has no duty to provide a defense in the underlying actions. As relevant to this appeal, we conclude that Supreme Court properly granted that part of plaintiffs' motion with respect to Georgetown, and denied ENIC's cross motion in that respect, but erred in failing to declare the rights of the parties in connection with plaintiffs' motion (*see Alexander v New York Cent. Mut.*, 96 AD3d 1457, 1457). We therefore modify the judgment accordingly.

An insurer's duty to defend is " 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137, quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be" (*Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 670). Thus, the duty to defend exists " 'even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered' " (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137, quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63).

The insured has the initial burden of establishing coverage under an insurance policy while the insurer bears the burden of proving that an exclusion in the policy applies to defeat coverage (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 220). "[E]xclusions are subject to strict construction and must be read narrowly" (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137). In order to establish that an exclusion defeats coverage, the insurer has the "heavy burden" of establishing that the exclusion is expressed in clear and unmistakable language, is subject to no other reasonable interpretation, and is applicable to the facts (*Continental Cas. Co.*, 80 NY2d at 654-655, citing *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311). An insurer "will be required to 'provide a defense unless it can "demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, [in toto], are subject to no other interpretation" ' " (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137, quoting *Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 159).

Here, we conclude that plaintiffs met their initial burden of establishing that they are entitled to judgment declaring that ENIC must provide Georgetown with a defense under the policy by establishing that Georgetown is a party covered by the policy, that Georgetown has sustained a "Loss" defined by the policy, i.e., "Defense Costs," and that the underlying actions allege that Georgetown failed to supervise Geidel, which is a "Wrongful Act" defined by the policy.  Contrary to ENIC's contention, we also conclude that plaintiffs established that some of the services provided by Geidel and set forth in the amended complaints in the underlying actions "potentially" fall within the policy definitions of "Professional Services" and an "Approved Activity" (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714), such as advising clients to sell legitimate investments held by Georgetown and/or Royal and to invest the resulting money in the fictitious "securities."  Those allegations are supported by the federal criminal complaint, which alleges that, "[i]n many instances, victims were directed by [Geidel] to liquidate their existing investments with Georgetown and Royal . . . so that their funds could be invested in higher yielding investment vehicles."  Moreover, in his plea agreement, Geidel admitted that, "[t]o effectuate [his] fraud, [he] had victims authorize the wire transaction of funds held by their registered broker dealers and financial custodial agents."

We further conclude that ENIC failed to raise an issue of fact with respect to Georgetown in opposition to plaintiffs' motion.  ENIC relies on, inter alia, the policy's exclusion for "Loss in connection with any Claim made against an Insured . . . arising out of, based upon, or attributable to the committing in fact of:  any criminal or deliberately fraudulent act."  We agree with plaintiffs, however, that ENIC failed to demonstrate that the allegations in the underlying actions fall " 'solely and entirely within th[at] policy exclusion[], and . . . are subject to no other interpretation' " (*Allstate Ins. Co.*, 79 NY2d at 159; *see Automobile Ins. Co. of Hartford*, 7 NY3d at 137).  As noted above, the underlying actions include allegations that Georgetown and/or Royal failed to supervise Geidel and that Geidel advised investors to sell legitimate securities.

Contrary to ENIC's further contention, the fact that Royal may be insured under a separate fidelity bond has no bearing on whether the allegations in the underlying actions trigger a duty to defend in the instant case.  The coverage sought here is not duplicative of that furnished by the fidelity bond, which provides that where a loss "result[s] directly from dishonest or fraudulent acts committed by a Registered Representative . . . [, s]uch dishonest or fraudulent acts must be committed by the Registered Representative *with the manifest intent . . . to cause the Insured to sustain such loss*" (emphasis added).  Here, there is no claim that Geidel intended to cause a direct loss to Georgetown or Royal as opposed to his clients (*see generally Ernst & Young v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 304 AD2d 410, 410).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court