Scalzo v Central Co-op. Ins. Co. (2020 NY Slip Op 04639)





Scalzo v Central Co-op. Ins. Co.


2020 NY Slip Op 04639


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


154 CA 19-01201

[*1]ANTHONY A. SCALZO, PLAINTIFF-RESPONDENT,
v
CENTRAL CO-OPERATIVE INSURANCE COMPANY, DEFENDANT-APPELLANT, AND ROBERT J. SALERNO, DEFENDANT-RESPONDENT. 






KNYCH & WHRITENOUR, LLC, SYRACUSE (PETER KNYCH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAW OFFICES OF RICARDO J. MAURO, P.C., UTICA (RICARDO J. MAURO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
FELT EVANS, LLP, CLINTON (JAY G. WILLIAMS, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (David A. Murad, J.), entered December 3, 2018. The order and judgment, insofar as appealed from, granted in part the motion of plaintiff seeking, inter alia, a declaratory judgment, and denied the cross motion of defendant Central Co-Operative Insurance Company seeking, inter alia, summary judgment. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, the cross motion is granted insofar as it seeks summary judgment and judgment is granted in favor of defendant Central Co-Operative Insurance Company as follows:
It is ADJUDGED AND DECLARED that defendant Central Co-Operative Insurance Company is not obligated to defend or indemnify plaintiff in the underlying action.
Memorandum: Defendant Central Co-Operative Insurance Company (Central) appeals from an order and judgment that, inter alia, granted that part of plaintiff's motion for summary judgment seeking a declaration that Central had a duty to defend plaintiff in an underlying tort action and denied Central's cross motion seeking, among other things, summary judgment declaring that Central did not have a duty to defend or indemnify plaintiff. We reverse the order and judgment insofar as appealed from, deny plaintiff's motion in its entirety, grant Central's cross motion insofar as it seeks summary judgment, and grant judgment in favor of Central.
The underlying tort action arose from an incident in which plaintiff, allegedly in defense of his wife, struck his neighbor, defendant Robert J. Salerno, once or twice with his fist. The incident occurred on or near plaintiff's property and, although criminal charges against plaintiff were dismissed, Salerno commenced the underlying tort action against plaintiff. The first cause of action in the underlying tort action alleged that plaintiff "assault[ed] [Salerno] by seizing him, striking him and punching him in the face and in particular the left eye, among other areas of the body" and that those actions were "willful, intentional, unwarranted and without just cause or provocation." The second cause of action alleged that plaintiff "negligently struck [Salerno] so as to sustain serious injury" and that plaintiff "acted in a reckless, careless and negligent manner toward [Salerno]." Plaintiff sought coverage from Central under his homeowners' insurance policy, but Central denied coverage based on an exclusion providing that the policy did not apply to "liability . . . caused intentionally by or at the direction of any insured." Plaintiff subsequently [*2]commenced this action seeking a declaration that Central was obligated to defend and indemnify him in the underlying tort action.
We agree with Central that it established that the policy exclusion for intentional actions is applicable and that it therefore has no duty to defend or indemnify plaintiff in the underlying tort action. "It is well settled that an insurance company's duty to defend is broader than its duty to indemnify" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). "Indeed, the duty to defend is exceedingly broad, and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (id. [internal quotation marks omitted]). "When an insurer seeks to disclaim coverage on the . . . basis of [a policy] exclusion, . . . the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast the pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (id. [internal quotation marks omitted]).
In assessing whether a policy exclusion for injuries " intentionally caused' " by the insured applies, a court must look to the pleadings in the underlying action and "limit [its] examination to the nature of the conduct [of the insured] as it is there described" (Allstate Ins. Co. v Mugavero, 79 NY2d 153, 159 [1992]). The "analysis depends on the facts which are pleaded, not conclusory assertions" (id. at 162). When a complaint alleges in a conclusory manner that an assault was committed negligently, an insurer has no duty to defend where the insured does not provide "evidentiary support for the conclusory characterization of [the] conduct as negligent or provide an explanation of how the intrinsically intentional act[] of assault . . . could be negligently performed" (id. at 163; see Pennsylvania Millers Mut. Ins. Co. v Rigo, 256 AD2d 769, 771 [3d Dept 1998]; Monter v CNA Ins. Cos., 202 AD2d 405, 406 [2d Dept 1994]). An insured may not "exalt form over substance by labeling [an underlying tort] action as one to recover damages for negligence" where the conduct is inherently intentional (State Farm Fire & Cas. Co. v Joseph M., 106 AD3d 806, 808 [2d Dept 2013] [internal quotation marks omitted]).
Here, the second cause of action in the Salerno complaint contains no more than a conclusory characterization of plaintiff's conduct as negligent without any supporting factual allegations. Thus, the complaint in the underlying action does not contain sufficient allegations of negligence to avoid the policy exclusion (see Allstate Ins. Co., 79 NY2d at 162-163; cf. Automobile Ins. Co. of Hartford, 7 NY3d at 135-138). Further, plaintiff failed to provide "evidentiary support for the conclusory characterization of [his] conduct as negligent" or "an explanation of how the intrinsically intentional act[] of assault . . . could be negligently performed" (Allstate Ins. Co., 79 NY2d at 163). Moreover, even assuming, arguendo, that plaintiff intended only to punch Salerno but not to injure him, the injuries were intentionally caused inasmuch as harm was inherent in the nature of the acts alleged (see id. at 160).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court