■ Murray Goldner et al., Respondents-Appellants, v Kemper Insurance Company et al., Appellants-Respondents. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: The trial court properly directed a verdict in favor of Marlene Goldner on her cause of action to recover under the terms of a fire insurance policy for fire

damage to the house jointly owned by her and her husband, Murray Goldner. The only defense interposed by the insurers was their allegation that Murray Goldner had deliberately set the fire and there was no showing that Marlene Goldner participated in any way in the alleged arson. "[A]s a matter of fairness and equity * * * the independent wrongdoing of one insured should not bar recovery as to the coinsured under a policy that names and is intended to protect her" *(Reed v Federal Ins. Co.,* 71 NY2d 581, 588).

The trial court properly admitted into evidence pretrial tests made by defendants' expert. The result of a test is admissible on trial to show the nature, quality or tendency of an object, provided the conditions under which the test was conducted were sufficiently similar to those existing at the time in question to make the result achieved by the test relevant to the issue. A variation in circumstances affects the weight of the testimony but is not a basis for its exclusion (Richardson, Evidence § 199 [Prince 10th ed]). The trial court has broad discretion with respect to the admission of such evidence, especially with reference to the question of the similarity of conditions. The most broadly stated or recognized standard is whether the evidence tends to enlighten rather than to mislead the jury (Annotation, *Admissibility of Experimental Evidence to Determine Chemical or Physical Qualities or Character of Material or Substance,* 76 ALR2d 354, 361, 363; *see also,* McCormick, Evidence § 202, at 601-602 [3d ed]). Even where the conditions were not sufficiently similar to those existing at the time in question, it is not error as a matter of law for the court "to determine that plaintiffs' legitimate interests could be sufficiently protected by affording plaintiffs' counsel unrestricted opportunity for cross-examination." *(Uss v Town of Oyster Bay,* 37 NY2d 639, 641.)

Here, the direct flame impingement tests did not purport to reflect the conditions existing in plaintiffs' basement at the time of the fire, but were designed to show that direct flame impingement alone could not have caused the soldered joint of the copper water pipe to separate. Defendants' expert did not rely upon these tests in giving his opinion concerning the time that necessarily elapsed between the start of the fire and the separation of the pipe. He relied instead upon the oven tests and upon his estimate of the heat buildup in the basement over a period of time. The court could conclude that the conditions of the oven tests were sufficiently similar to those that existed at the time of the fire to make the results of the tests relevant to the issue and to enlighten, rather than to

mislead, the jury. Under the same standard, the court did not abuse its discretion in admitting the results of the tests conducted on the cotton bedspread. The conditions at the scene of a fire can never be fully duplicated and may be known only vaguely (see, McCormick, Evidence § 202, at 601 [3d ed]). Here, the tests on the bedspread were sufficiently enlightening to aid the jury, and the results of the tests were in substantial agreement with similar tests made by plaintiffs' expert. Both the tests made by defendants' expert and the tests made by plaintiffs' expert demonstrate that, when placed in direct contact with the material, the lighted bulb would not cause the material to break into open flame until an appreciable lapse of time.

We decline to set aside the verdict as against the weight of the evidence. The experts on each side reached different conclusions concerning the cause of the fire and it was within the province of the jury to resolve this conflict. The evidence did not so preponderate in favor of plaintiffs that the jury could not have reached its conclusion upon any fair interpretation of the evidence (see, Flynn v City of New York, 35 AD2d 936, affd 29 NY2d 715). (Appeals from judgment of Supreme Court, Monroe County, Purple, J.—breach of contract.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.