◼ GLENNA WEISSMAN, Doing Business as BENEFICIAL FOODS, Plaintiff, and HONG LILY, INC., Respondent, v GALWAY CONSTRUCTION CORP. et al., Defendants, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant. [659 NYS2d 42] —In consolidated actions to recover the proceeds of fire insurance policies, the defendant United States Fidelity and Guaranty Company appeals from an order of the Supreme Court, Queens County (Dye, J.), dated June 13, 1996, which denied its motion for summary judgment dismissing the complaint of the plaintiff Hong Lily, Inc., insofar as asserted against it, with leave to renew upon the final determination of a related action entitled *Pun v Hung Bi Chang,* pending in the Supreme Court, Bronx County.

Ordered that the order is modified, on the law, by deleting the provision thereof which provided that the appellant could renew its motion upon the final determination of the related action entitled *Pun v Hung Bi Chang,* pending in the Supreme Court, Bronx County; as so modified, the order is affirmed, with costs to the respondent.

In this action, the plaintiff Hong Lily, Inc. (hereinafter Hong Lily), seeks to recover for a fire loss under an insurance policy issued by the appellant for commercial property in the Bronx. As an affirmative defense, the appellant asserted that Hong Lily lacked an insurable interest in the property.

In 1981, Rio Hunan Co., a limited partnership, acquired title to the subject property from Hung Bi Chang. In 1990, Hung Bi Chang, a general partner of Rio Hunan, conveyed title from Rio Hunan to Hong Lily, a corporation of which he was the sole shareholder and officer. Thereafter, the two remaining general partners and one of the limited partners of Rio Hunan commenced an action in the Supreme Court, Bronx County, against Hung Bi Chang and Hong Lily, alleging that Hung Bi Chang conveyed title to Hong Lily without the consent and knowledge of the Rio Hunan partners.

The appellant moved for summary judgment dismissing Hong Lily's complaint in the instant action on the ground that Hong Lily did not have a lawful insurable interest in the property and therefore was not entitled to recover under the policy. The court denied the motion, concluding that the issue of whether Hong Lily had valid title to the property should be litigated in the Bronx County action. The court granted the appellant leave to renew upon final determination of the Bronx County action. While the court properly denied the appellant's motion for summary judgment, we find that, under the circumstances, proceedings in this case should not await the outcome of the Bronx County action.

Insurance Law § 3401 defines "insurable interest" as "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage". A legal or equitable interest in the property insured is not necessary to support an insurable interest (see, Taylor v Allstate Ins. Co., 214 AD2d 610, 611).

In opposition to the appellant's motion, Hong Lily produced evidence sufficient to raise a triable issue of fact as to whether it had such a relation to, connection with, or concern in the property that it derived pecuniary benefit or advantage from its preservation, or suffered pecuniary loss or damage from its destruction in the fire (see, Scarola v Insurance Co., 31 NY2d 411, 413; National Superlease v Reliance Ins. Co., 123 AD2d 608). Thus, irrespective of whether title was validly conveyed from Rio Hunan to Hong Lily, questions of fact exist as to the issue of Hong Lily's insurable interest in the property. Further, it appears that there has been little activity in the Bronx County action and there is no likelihood that the matter will be resolved in the near future. Consequently, proceedings in this case should not be dependent upon the outcome of the related action. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.