OPINION OF THE COURT
Andrew V. Siracuse, J.
The plaintiff in this case is seeking a declaratory judgment that she is entitled to coverage under the fire insurance policy written by defendant. The incident giving rise to the claim was *617 a fire set by her 17-year-old. son. It is uncontested that the son’s conduct was the cause of the fire, and it is also uncontested that the plaintiff had no knowledge of the arson and bears no responsibility for it.
The policy at issue excludes coverage for intentional acts by “an insured”, and defines “insured” to include relatives who are resident in the named insured’s household. This definition unambiguously includes the plaintiff’s son, and the defendant relies upon the policy language. The plaintiff, in reply, has made two arguments. First, the plaintiff argues that it is impermissible to condition an insured’s right of recovery upon the acts of one with no insurable interest in the property. The second, and more telling, argument is that the exclusion offers less protection than that set out in section 3404 of the Insurance Law, the model fire insurance policy, and that it is invalid for that reason.
Although the issue presented in this case has been dealt with by numerous New York courts, the second argument made by plaintiff has not been considered in this State. In addition, there are clear suggestions in the case law that applications such as the plaintiff’s are looked upon with favor. In light of these suggestions, considering the novelty of the plaintiff’s argument and weighing the equities of the present fact pattern, this court finds the out-of-State authority supporting the plaintiff’s position to be persuasive, and holds that the exclusion is ineffective.
Some idea of the background to this question can be seen in two Fourth Department cases. In Goldner v Kemper Ins. Co. (152 AD2d 936), a house jointly owned by a husband and wife was damaged in a fire allegedly set by the husband. The Fourth Department stated: “The trial court properly directed a verdict in favor of Marlene Goldner on her cause of action to recover under the terms of a fire insurance policy for fire damage to the house jointly owned by her and her husband, Murray Goldner. The only defense interposed by the insurers was their allegation that Murray Goldner had deliberately set the fire and there was no showing that Marlene Goldner participated in any way in the alleged arson. ‘[A]s a matter of fairness and equity * * * the independent wrongdoing of one insured should not bar recovery as to the coinsured under a policy that names and is intended to protect her’ ” (152 AD2d 936-937, citing Reed v Federal Ins. Co., 71 NY2d 581, 588).
This could hardly be a clearer statement in favor of the plaintiff’s position in the present case, as it is clear that both *618 husband and wife were named insureds under the policy in Goldner (supra). But seven years later, without referring to its earlier decision, the Fourth Department reached exactly the opposite conclusion in Branch v Chenango Mut. Ins. Co. (225 AD2d 1079). Under identical facts (a house damaged in a fire set by the husband, and an innocent spouse seeking recovery), the Court held: “The policy contains an exclusion from coverage for a loss caused by an intentional act committed by ‘an insured’, as opposed to ‘the insured’. We conclude that defendant has established that the exclusion applies because the claim arose out of the intentional acts of Richard Branch, ‘an insured’ under the policy (see, Allstate Ins. Co. v Mugavero, 79 NY2d 153, 164; see also, Allstate Ins. Co. v Roelfs, 698 F Supp 815, 822; cf., Reed v Federal Ins. Co., 71 NY2d 581)” (225 AD2d 1079, 1080). This, in turn, is ideal support for the defendant’s position.
The two cases turn on the narrowest of semantic arguments. In both cases the arsonist-husband was a named insured under the policy. The only construction that harmonizes both Goldner (supra) and Branch (supra) is the Appellate Division’s statement that “an insured” means “any” insured, and the language “the insured” bars coverage only when all of the insured are involved in the intentional conduct. (The Goldner Court did not refer to the policy language itself, but the record shows that the policy there was the statutory policy, set out in Insurance Law § 3404, which uses the words “the insured”.) This is, indeed, the predominant interpretation; but one wonders where the Reed and Goldner Courts’ considerations “of fairness and equity” have gone when an insured’s rights turn on the use of the indefinite rather than the definite article in a clause buried within the fine print of a policy.
The Court of Appeals, however, has drawn the same distinction. In the first case cited, Reed v Federal Ins. Co. (71 NY2d 581, supra), the innocent coinsured was the daughter of the alleged arsonist, and both were named insureds. What is perhaps even more striking is that the daughter received the property from her father when she turned 18, and she paid no consideration for it. There was a strong indication that the transfer to the daughter was made in order to insulate the property from the father’s creditors. Yet the Court of Appeals saw a close analogy to the earlier innocent coinsured cases, and found previous assumptions about the mutual liability of joint tenants and tenants by the entireties for each other’s breaches to be “anachronistic”, with a “potential [for] unfairness” (71 NY2d, *619 at 587). In the interest of equity and fairness the Court held that an innocent coinsured was entitled to recover, in spite of any unity of interest. Further, the Court noted that this holding gave “effect to the reasonable expectation of a property owner that her interest was covered by a policy naming her without qualification as one of the persons insured, despite the independent wrongdoing of a coinsured” (supra, at 588). Once again, the exact language of the policy was not mentioned, but was the statutory standard policy.
Reed (supra) was a fire insurance case, but Mugavero (supra) dealt with a far more incendiary topic: sexual abuse of children. Edward Mugavero was sued by the parents of six- and nine-year-old children allegedly abused while in his care, and his wife Ann was sued for negligence in permitting those alleged acts. Much of the case turned on the issue of whether bodily harm resulting from these acts could be considered intentional, a question a divided Court of Appeals answered in the affirmative; for purposes of this case, however, the key section is that part of decision denying Ann Mugavero’s demand that the insurer defend her. The Court held that the exclusion for intentional acts by “an” insured means that no coverage is available when any insured commits an intentional act. An exclusion clause that bars coverage for acts by “the” insured, on the other hand, permits recovery by the innocent coinsured (79 NY2d, at 163-164).
This retreat from broad considerations of equity and the supposedly reasonable expectations of policyholders into semantic fastidiousness is relatively recent, and leads to results as harsh as the older property-title analysis that the Court of Appeals had condemned in Reed (supra).
The court is not bound by these decisions, however, because none has considered the plaintiffs key argument. The plaintiff points out that all fire insurance policies are required by law to provide a certain level of coverage (Insurance Law § 3404 [f] [1] [A]), and that the statutory policy excludes coverage only for acts by “the insured” (Insurance Law § 3404 [e], second page of Standard Fire Policy, lines 31-32).* Following this logic, the courts must reform the policy to undo the effect of the change, because the substitution of “an” for “the” results in a diminution of an innocent coinsured’s rights.
*620 In numerous States with similar statutes, insurance policies such as the present one have been reformed to grant the innocent coinsured a right of recovery. Some courts have considered language such as “an insured” or “any insured” to be ambiguous, and have reformed the clause in accordance with the standard policy (Ponder v Allstate Ins. Co., 729 F Supp 60 [ED Mich 1990]). Others, however, have reached the same result while holding the policy language clear and unambiguous, an interpretation that seems more supportable (Watson v United Servs. Auto. Assn., 566 NW2d 683 [Sup Ct, Minn 1997]).
This court finds these cases persuasive. While the phrase “an insured” is unambiguous, it is clear from the cases cited above that the language “an insured” offers an innocent party significantly less coverage than the language “the insured”. Since the latter phrase is that adopted by the Legislature in the Insurance Law, use of the former violates that statute’s requirement that all fire policies offer the level of coverage provided in the standard policy. Furthermore, the equities clearly favor recovery to the innocent coinsured, and the considerations so eloquently advocated in Reed (supra) of fairness, equity, and the reasonable expectations of property owners can once again guide decisions.
This holding also harmonizes the results in Reed (supra) and Mugavero (supra) on a more satisfactory basis than close attention to policy’s use of language'. The first case is a fire insurance case, and the innocent coinsured recovers. The second deals with a general exclusion for intentional acts, and Insurance Law § 3404 does not apply. Under those circumstances the parties are free to contract for such coverage as they see fit.
Because of this holding the court declines to consider the plaintiffs argument based on the child’s lack of an insurable interest, except to note that the facts in Welch v Commercial Mut. Ins. Co. (119 Misc 2d 630) are substantially different from those in the present case and the policy there contained no parallel exclusionary language.
The plaintiff is entitled to summary judgment and a declaration that she is entitled to coverage under the policy. The remaining causes of action must be dismissed, however. There is no private action for violation of Insurance Law § 3404, and there is no colorable claim of fraud, bad faith, or a violation of the General Business Law.

 The record on appeal in Branch (supra) shows that the Appellate Division was not presented with this argument, and Mugavero (supra) did not deal with a fire insurance policy.