■ JORETTA K. LANE, Respondent, v SECURITY MUTUAL INSURANCE COMPANY, Appellant. [682 NYS2d 777] —Order insofar as appealed from reversed on the law without costs and motion denied. Memorandum: In March 1997 plaintiff's home was destroyed by fire. Defendant insurer disclaimed coverage under plaintiff's homeowner's policy because the fire was allegedly set by plaintiff's 17-year-old son. Plaintiff commenced this action seeking declaratory relief and damages.

Supreme Court erred in granting plaintiff's motion for partial summary judgment on the first cause of action and declaring that the loss is covered under the policy. The policy is a contract (see, Reed v Federal Ins. Co., 71 NY2d 581, 588), and its unambiguous terms should be given effect (see, Allstate Ins. Co. v Mugavero, 79 NY2d 153, 164). The policy defines "insured" to include "any * * * person under the age of 21 in your care or in the care of your resident relatives". The policy excludes from coverage losses resulting from intentional acts committed by "an insured". Plaintiff conceded for purposes of her motion that the fire was intentionally set by her son who lives in her home. Thus, plaintiff's son is "an insured" under the policy, and the loss is not covered (see, Branch v Chenango Mut. Ins. Co. [appeal No. 2], 225 AD2d 1079; see also, Allstate Ins. Co. v Mugavero, supra, at 164).

We reject plaintiff's contention that any policy of fire insurance that excludes from coverage losses resulting from intentional acts committed by "an insured", as opposed to "the insured", violates Insurance Law § 3404 (f) (1) (A) by providing significantly less coverage than the standard fire insurance

policy set forth in Insurance Law § 3404 (e). The standard policy is silent with respect to such an exclusion, and it does not define the term "insured". "The extent of the application of insurance under [the standard] policy * * * and any other provision or agreement not inconsistent with the provisions of this policy, may be provided for in writing added hereto" (standard policy, lines 42-47). Defendant insurer complied with this provision, and its policy form was approved by the Superintendent of Insurance pursuant to Insurance Law § 2307 (b) and § 3404 (f) (1) (see, Matter of Liberty Mut. Ins. Co. [Hogan], 82 NY2d 57, 61).

Plaintiff further contends that, because she is the sole owner of the insured residence, she is the only person with an insurable interest and her son's wrongdoing may not be imputed to her. Proof that the son is not an owner, however, is not conclusive on whether he has an insurable interest. The statutory definition of "insurable interest" is broad (see, Insurance Law § 3401) and liberally construed (see, Scarola v Insurance Co., 31 NY2d 411, 413). "A legal or equitable interest in the property insured is not necessary to support an insurable interest" (Weissman v Galway Constr. Corp., 239 AD2d 410, 411). In any event, because the son resides with plaintiff, he has an insurable interest in the property (see, Ellis v New York Cent. Mut. Fire Ins. Co., 226 AD2d 1131; Kradjian v American Mfrs. Mut. Ins. Co., 206 AD2d 801, 803). Finally, we note that "[o]nly the insurer can raise the objection of want of insurable interest" (68A NY Jur 2d, Insurance, § 936, at 626).

All concur except Hayes and Pigott, Jr., JJ., who dissent and vote to affirm in the following Memorandum.

Hayes and Pigott, Jr., JJ. (dissenting). We respectfully dissent. In our view, the definition of "insured" under the general policy provisions of the contract should not be applied to expand the persons subject to exclusion from coverage for intentional acts committed by "an insured" under the principal property coverage of the policy. To define "insured" to mean "you and, if residents of your household, your relatives, and any other person under the age of 21 in your care or in the care of your resident relatives" violates two sections of the Insurance Law.

Section 3401 of the Insurance Law requires that the person benefitting from an insurance policy on property have an insurable interest in the property. The broad definition of "insured" in this policy includes the minor son of the owner, who does not have an insurable interest in the property. Insurable interest is defined as "any lawful and substantial economic interest

in the safety or preservation of property from loss, destruction or pecuniary damage" (Insurance Law § 3401; *see also, Weissman v Galway Constr. Corp.,* 239 AD2d 410, 411). Although the term "insurable interest" is to be liberally construed, we believe that it cannot be stretched so far as to include minor children merely because they reside with the insured. Although a legal or equitable interest in the property is not necessary to sustain an insurable interest, it is necessary that the insured have " 'a right in or against the property which some court will enforce upon the property, a right so closely connected with it and so much dependent for value upon the continued existence of it alone, as that a loss of the property will cause pecuniary damage to the holder of the right against it' " (*Scarola v Insurance Co.,* 31 NY2d 411, 413). The owner's minor son does not hold such an interest.

In addition, section 3404 of the Insurance Law contains the form of the standard fire insurance policy of the State of New York and mandates its use. A policy, such as the one in this case, that insures against the peril of fire must contain "terms and provisions no less favorable to the insured than those contained in the standard fire policy" (Insurance Law § 3404 [f] [1] [A]). Here, by including persons who do not have an insurable interest in the property as defined by section 3401, the policy contains terms and provisions less favorable to the insured than those contained in the standard fire policy; therefore, the policy violates section 3404 of the Insurance Law.

The cases relied upon by the majority for the proposition that a minor son has an insurable interest are not controlling because they involve personal property coverage rather than property damage coverage (*see, e.g., Kradjian v American Mfrs. Mut. Ins. Co.,* 206 AD2d 801, 803). In our view, to hold that plaintiff, the sole owner of the property, has no fire insurance coverage because the fire was intentionally set by her minor son, deemed an insured although he has no insurable interest in the property, and in whose acts plaintiff had no complicity, impermissibly deprives an innocent owner of coverage (*see, Welch v Commercial Mut. Ins. Co.,* 119 Misc 2d 630).

This Court's decision in *Branch v Chenango Mut. Ins. Co.* ([appeal No. 2], 225 AD2d 1079) does not compel the result reached by the majority. In that case, we held that a wife could not recover for a fire loss caused by the intentional act of her husband. The husband was an insured under the policy and a co-owner of the property with his wife as tenants by the entirety; therefore, he had an insurable interest in the property.

The majority's reliance on *Allstate Ins. Co. v Mugavero* (79 NY2d 153) is likewise misplaced because that case did not involve the peril of fire. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present— Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ. [*See,* 175 Misc 2d 616.]