Patel v Gardens at Forest Hills Owners Corp. (2020 NY Slip Op 01509)





Patel v Gardens at Forest Hills Owners Corp.


2020 NY Slip Op 01509


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-13976
2019-01284
 (Index No. 713540/17)

[*1]Sanjeevani Patel, appellant, 
v
Gardens at Forest Hills Owners Corp., respondent.


Solomon Zabrowsky, New York, NY, for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Paul N. Gruber of counsel), for respondent.



DECISION & ORDER
In an action for a declaratory judgment and injunctive relief, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 31, 2018, and (2) an order of the same court entered January 2, 2019. The order entered October 31, 2018, denied the plaintiff's motion for a preliminary injunction and granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint. The order entered January 2, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her prior motion and her opposition to the defendant's cross motion and, upon reargument, adhered to the prior determination in the order entered October 31, 2018.
ORDERED that the appeal from the order entered October 31, 2018, is dismissed, as that order was superseded by so much of the order entered January 2, 2019, as upon reargument, adhered to the prior determination in the order entered October 31, 2018; and it is further,
ORDERED that the order entered January 2, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff is the proprietary lessee of a cooperative apartment in Queens. She owns shares of stock in the defendant, Gardens at Forest Hills Owners Corp., the cooperative corporation that owns the building where the subject apartment is located. Paragraph 21(a) of the proprietary lease requires the plaintiff to obtain the written consent of the defendant prior to making any alteration or addition to the "water, gas, . . . electrical conduits, wiring or outlets, plumbing fixtures, . . . or any other installation or facility in the Apartment or Building." In June 2017, the defendant served the plaintiff with a notice to cure, advising her that she was in violation of paragraph 21 of the lease because she had renovated the subject apartment without the defendant's prior written approval. The plaintiff did not restore the apartment to its prior condition or move for injunctive relief to stay the cure period. By a notice of termination, the defendant advised the plaintiff that her shares would be cancelled and her lease terminated as of August 4, 2017, based upon her failure to cure her default. The defendant then scheduled a sale of the shares and lease to be held on October 4, 2017.
On October 2, 2017, the plaintiff commenced this action for a declaratory judgment and injunctive relief, and moved for a preliminary injunction enjoining the sale of her shares and lease. The defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. Thereafter, the plaintiff moved for leave to renew and reargue her prior motion and her opposition to the defendant's cross motion. The court denied that branch of the plaintiff's motion which was for leave to renew, and granted reargument, but, upon reargument, adhered to the prior determination. The plaintiff appeals.
We agree with the Supreme Court's determination, upon reargument, to adhere to its prior determination denying the plaintiff's motion for a preliminary injunction and granting the defendant's cross motion to dismiss the complaint. " To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC, 175 AD3d 610, 611, quoting Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88).
In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must " accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d at 87-88). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Leon v Martinez, 84 NY2d at 88; Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the defendant's evidentiary submissions conclusively established that the plaintiff renovated the subject apartment without the defendant's prior written approval in violation of the proprietary lease. Thus, the complaint, as amplified by the plaintiff's evidentiary submissions in opposition to the defendant's cross motion, does not set forth a cognizable cause of action. Moreover, " [i]n the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith'" (Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697, 699, quoting 40 W. 67th St. v Pullman, 100 NY2d 147, 153). The plaintiff made only conclusory allegations, without any factual basis, that the defendant acted without authority and in a bad faith (see 40 W. 67th St. v Pullman, 100 NY2d at 157; Cohen v Kings Point Tenant Corp., 126 AD3d 843, 845). Therefore, we agree with the Supreme Court's determination to grant dismissal of the complaint pursuant to CPLR 3211(a).
Moreover, we agree with the Supreme Court's determination to adhere to its prior determination denying the plaintiff's motion for a preliminary injunction because the plaintiff failed to demonstrate that she had a likelihood of success on the merits (see Doe v Axelrod, 73 NY2d 748, 751; Schlossberg v DeFalco, 163 AD3d 886, 888).
We further agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for leave to renew her prior motion and her opposition to the defendant's cross motion. In support of that branch of her motion, the plaintiff failed to submit new facts that would have changed the prior determination (see CPLR 2221[e][2]; Riesenburger Props., LLLP v Pi Assoc., LLC, 155 AD3d 984, 986; Cullin v Lynch, 148 AD3d 670, 670).
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court