Hyatt v Wilmington Sav. Fund Socy., FSB (2020 NY Slip Op 05190)





Hyatt v Wilmington Sav. Fund Socy., FSB


2020 NY Slip Op 05190


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-12423
 (Index No. 642/17)

[*1]Alexander H. Hyatt, appellant, 
v
Wilmington Savings Fund Society, FSB, et al., respondents.


Alexander H. Hyatt, Brooklyn, NY, appellant pro se.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Stuart L. Kossar of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J), dated October 5, 2017. The order denied the plaintiff's motion to stay the sale of his shares of stock associated with a cooperative apartment, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs. 
In May 1990, the plaintiff executed a note in the sum of $47,700 in favor of the Greater New York Savings Bank (hereinafter GNYSB). The note was secured by the shares of stock allocated to the cooperative apartment in which the plaintiff resided, and his interest in the proprietary lease to that apartment. GNYSB's interest in the note and the security agreement was ultimately assigned to the defendant Wilmington Savings Fund Society, FSB (hereinafter Wilmington). The defendant Selene Finance, L.P., was the servicer on behalf of Wilmington. The plaintiff defaulted in his payment obligations under the terms of the note. Subsequently, the plaintiff was notified that based upon his default in his obligations, a nonjudicial foreclosure sale of the shares and proprietary lease to his apartment would be conducted.
Prior to the scheduled sale date, the plaintiff commenced this action, inter alia, for injunctive relief, and moved to stay the sale of his shares of stock associated with the subject apartment. The defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated October 5, 2017, the Supreme Court denied the plaintiff's motion to stay the sale, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiff appeals, and we affirm. 
In considering a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Breytman v Olinville Realty, LLC, 54 AD3d 703, 704). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the [*2]motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Leon v Martinez, 84 NY2d at 88; Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the evidence submitted by the defendants in support of their cross motion demonstrated that the plaintiff's allegation that Wilmington was not the holder of the note was not a fact at all, and that it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d at 275). The plaintiff made only conclusory allegations, without any factual basis, that the defendants acted without authority and in a bad faith (see generally Patel v Gardens at Forest Hills Owners Corp., 181 AD3d 611, 613). 
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion to stay the sale of his shares of stock associated with the subject apartment, and granting that branch of the defendants' cross motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court