City of New York v Land & Bldg. Known as 4802 4th Ave. (2022 NY Slip Op 05988)

City of New York v Land & Bldg. Known as 4802 4th Ave.

2022 NY Slip Op 05988

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-05161
 (Index No. 1236/18)

[*1]City of New York, appellant, 
v
Land and Building Known as 4802 4th Avenue, et al., defendants, City Tobacco House 1 Corp., respondent.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Ingrid R. Gustafson of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, for a permanent injunction to abate a public nuisance, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 14, 2018. The order, insofar as appealed from, granted the motion of the defendant City Tobacco House 1 Corp. pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant City Tobacco House 1 Corp. pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it is denied.
The plaintiff, the City of New York, commenced this action against the defendant City Tobacco House 1 Corp. (hereinafter City Tobacco House), among others, alleging that City Tobacco House repeatedly sold and possessed for the purpose of sale untaxed cigarettes in violation of Tax Law § 1814(b) and Administrative Code of the City of New York § 11-4012(b). The plaintiff sought a permanent injunction and related relief on the ground that such ongoing conduct constituted a public nuisance under the Nuisance Abatement Law (Administrative Code § 7-701 et seq.). City Tobacco House moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action, contending that its acts of selling and possessing untaxed cigarettes, as alleged in the complaint, did not constitute unlawful conduct and were therefore insufficient to establish a public nuisance under the Nuisance Abatement Law. In an order dated December 14, 2018, the Supreme Court, inter alia, granted City Tobacco House's motion. The plaintiff appeals.
"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Patel v Gardens at Forest Hills Owners Corp., 181 AD3d 611, 612 [internal quotation marks omitted]; see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
The State of New York imposes an excise tax on cigarettes of $4.35 per 20-cigarette pack, while the City of New York imposes an additional tax of $1.50 per pack (see Tax Law § 471[1]; Administrative Code § 11-1302[a]; 20 NYCRR 74.1[a][2]). Taxes are prepaid by stamping [*2]agents, who affix stamps to cigarette packs reflecting payment of both City and State taxes, incorporate the value into the sale price, and then pass the cost along to the consumer (see Tax Law § 471[2]; Administrative Code § 11-1302[a], [e]-[h]; 20 NYCRR 74.1-74.3). Under both State and City law, a person who sells, offers for sale, or possesses for the purpose of sale any unstamped or unlawfully stamped cigarettes is guilty of a misdemeanor, and a person who reoffends within five years after a conviction for such an offense is guilty of a class E felony (see Tax Law § 1814[b]; Administrative Code § 11-4012[b]).
The Nuisance Abatement Law authorizes the plaintiff to commence proceedings such as this one to permanently enjoin public nuisances, as defined in Administrative Code § 7-703, within the City of New York (see id. § 7-704[a]). Insofar as relevant here, a public nuisance consists of "[a]ny building, erection or place . . . wherein there is occurring a criminal nuisance as defined in section 240.45 of the penal law" (id. § 7-703[l]). A person commits the offense of criminal nuisance in the second degree, insofar as relevant here, when he or she "knowingly conducts or maintains any premises, place or resort where persons gather for purposes of engaging in unlawful conduct" (Penal Law § 240.45[2]).
Here, the complaint alleged that City Tobacco House was a commercial establishment where several violations of Tax Law § 1814(b) and Administrative Code § 11-4012(b) had occurred during the six-month period preceding the commencement of this action. On one occasion, law enforcement officers allegedly recovered 8.4 cartons of untaxed cigarettes at the subject premises, and one person was arrested and charged with violating Tax Law § 1814. On another occasion, 28 packs of untaxed cigarettes allegedly were recovered from the subject premises, and one person was arrested and charged with violating Tax Law § 1814. On two other occasions, an undercover police officer allegedly purchased one pack of untaxed cigarettes from an employee in the subject premises. On another occasion, the execution of a search warrant at the subject premises allegedly resulted in the seizure of 64 packs of untaxed cigarettes and the arrest of one person.
Contrary to the arguments advanced by City Tobacco House in support of its motion to dismiss the complaint insofar as asserted against it, a violation of Tax Law § 1814 constitutes "unlawful conduct" within the meaning of Penal Law § 240.45. The acts prohibited by Tax Law § 1814(b), as well as Administrative Code § 11-4012(b), are, by virtue of those very provisions, criminal in nature. Under those provisions, such an act is punishable as a misdemeanor or, in the case of a second offense within five years, a class E felony. By alleging actual sales of untaxed cigarettes and conduct allegedly supporting an inference that untaxed cigarettes were possessed for the purpose of sale, the complaint alleged the commission of crimes under Tax Law § 1814 and Administrative Code § 11-4012(b), which constituted unlawful conduct.
Contrary to the Supreme Court's determination, while the possession of 5,000 untaxed cigarettes (250 packs) or more is deemed to be presumptive evidence that such cigarettes are possessed for the purpose of sale (see Tax Law § 1814[d]; Administrative Code § 11-4012[d]), the fact that the complaint only alleged the recovery of 178 packs of untaxed cigarettes from the subject premises did not prevent it from stating a cause of action. Even if the complaint had relied exclusively on a theory of possession for the purpose of sale, the statutory presumption does not contemplate that the 5,000-cigarette threshold represents the minimum that must be proved in order to establish an intent to sell, but rather that evidence of possession of 5,000 untaxed cigarettes will render proof of intent to sell unnecessary.
The allegations of unlawful conduct described above, along with the allegation in the complaint that City Tobacco House knowingly conducted or maintained the subject premises as a place where persons gathered for purposes of engaging in conduct that violated Tax Law § 1814 and Administrative Code § 11-4012(b), were sufficient to allege the commission of criminal nuisance in the second degree, as defined in Penal Law § 240.45. Thus, having alleged facts supporting the proposition that City Tobacco House was a place "wherein there is occurring a criminal nuisance as defined in section 240.45 of the penal law" (Administrative Code § 7-703[l]), the complaint validly alleged the existence of a public nuisance at the subject premises.
In sum, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the allegations of untaxed cigarettes being sold and possessed for the purpose of sale by City Tobacco House at the subject premises were sufficient to [*3]state a cause of action alleging that City Tobacco House was creating a public nuisance within the meaning of the Nuisance Abatement Law (see City of New York v 2465 Grand Concourse Prop., Inc., 2016 WL 2939745 [Sup Ct, Bronx County, Sherman, J., No. 2513312015]; City of New York v The Land and Building Known as 272 Sherman Ave., Sup Ct, NY County, Nov. 25, 2015, D'Auguste, J., Index No. 100845/15). Accordingly, the Supreme Court should have denied City Tobacco House's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court