Sabharwal v Hyundai Mar. & Fire Ins. Co., Ltd. (2023 NY Slip Op 02690)

Sabharwal v Hyundai Mar. & Fire Ins. Co., Ltd.

2023 NY Slip Op 02690

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-06357
 (Index No. 616248/19)

[*1]Dinesh Sabharwal, appellant, 
v
Hyundai Marine & Fire Insurance Co., Ltd., respondent.

Greenblatt & Agulnick, P.C., Great Neck, NY (Scott E. Agulnick of counsel), for appellant.
Bongiorno, Montiglio, Mitchell & Palmieri, PLLC, Mineola, NY (William J. Mitchell of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 7, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied, and the plaintiff's cross-motion for summary judgment on the complaint is granted.
In 2016, the plaintiff filled out an application for a dwelling insurance policy with the defendant for real property he owned located in Hicksville (hereinafter the subject property). In the application, the plaintiff represented, among other things, that in the past five years there had been no judgments filed against him and that he had not filed for bankruptcy. The defendant issued an insurance policy for the period of November 18, 2018, through November 18, 2019, and named the plaintiff and a nonparty as insureds. In January 2019, the plaintiff made a claim under the insurance policy for water damage sustained from frozen pipes. In investigating the claim, the defendant discovered that, despite the plaintiff's representation to the contrary, he had filed for bankruptcy and had judgments filed against him in the five years prior to completing his application. Additionally, the defendant discovered that on or about November 9, 2017, the plaintiff had transferred title to the subject property to Sabharwal Properties, LLC (hereinafter the LLC). Based upon the foregoing, the defendant informed the plaintiff that it was disclaiming coverage due to his misrepresentations on the application, and because he did not have an insurable interest in the subject property since he did not own the subject property at the time of the loss. Thereafter, despite having knowledge of the plaintiff's misrepresentations, the defendant renewed the plaintiff's insurance policy and accepted a payment.
The plaintiff commenced this action against the defendant to recover damages for breach of contract, alleging that he was the sole officer and member of the LLC, which owned the subject property at the time of the loss. Rather than answer the complaint, the defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The plaintiff opposed the motion and [*2]cross-moved for summary judgment on the complaint. The Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion, and the plaintiff appeals.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Patel v Gardens at Forest Hills Owners Corp., 181 AD3d 611, 612 [internal quotation marks omitted]). In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true (see Patel v Gardens at Forest Hills Owners Corp., 181 AD3d at 612). "Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (id. at 613).
"'It has long been the rule that, in order to prevent fraud and crime and to prohibit wagering contracts on property in which the insured possesses no interest, the lack of an insurable interest in the property insured renders the property insurance void and unenforceable'" (Azzato v Allstate Ins. Co., 99 AD3d 643, 648, quoting Etterle v Excelsior Ins. Co. of N.Y., 74 AD2d 436, 438; see Scarola v Insurance Co. of N. Am., 31 NY2d 411, 413).
Under the Insurance Law, the term "insurable interest" is defined to include "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage" (see Insurance Law § 3401). "Generally, a party possesses an insurable interest in the subject matter which is insured where he [or she] has such a relation or connection with, or concern in, such subject matter that he [or she] will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against" (Azzato v Allstate Ins. Co., 99 AD3d at 649, citing National Superlease v Reliance Ins. Co. of N.Y., 123 AD2d 608, 608).
"A legal or equitable interest in the property insured is not necessary to support an insurable interest" (Weissman v Galway Constr. Corp., 239 AD2d 410, 411; see National Filtering Oil Co. v Citizen's Ins. Co. of Mo., 106 NY 535, 541). "Rather, 'a person has an insurable interest in a property whenever he or she would profit by or gain some advantage from the property's continued existence or suffer some loss or disadvantage by its destruction'" (Azzato v Allstate Ins. Co., 99 AD3d at 649, citing 3 Couch on Insurance 3d § 41:11; see National Filtering Oil Co. v Citizen's Ins. Co. of Mo., 106 NY at 541).
Here, the plaintiff alleged that he is the sole owner and member of the LLC, which owned the subject property at the time of the loss, and further that the plaintiff had an insurable interest in the property covered by the insurance policy. Under the circumstances, as the sole owner of the LLC, the plaintiff had an insurable interest in the subject property, since destruction of the subject property would necessarily cause economic detriment to the plaintiff (see Insurance Law § 3401; Riggs v Commercial Mut. Ins. Co., 125 NY 7). Since the defendant's evidentiary submissions failed to utterly refute the plaintiff's allegation that he had an insurable interest in the property at the time of the loss, and also failed to establish that the plaintiff did not have a cause of action to recover damages for breach of contract, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
At the same time, the Supreme Court should have granted the plaintiff's cross-motion for summary judgment on the complaint. "The continued acceptance of premiums by an insurance carrier after learning of sufficient facts which allow for the rescission of the policy, constitutes a waiver of the right to rescind" (5512 OEAAJB Corp. v Hamilton Ins. Co., 189 AD3d 1136, 1138; see Leading Ins. Group Ins. Co., Ltd. v Xiao Wu Chen, 150 AD3d 977, 978). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the defendant waived its right to assert the plaintiff's misrepresentations as a basis for rescinding the policy, since the defendant renewed the policy and accepted a premium payment after it discovered [*3]the misrepresentations. In opposition, the defendant failed to raise a triable issue of fact. The defendant's assertion that it mistakenly accepted a premium payment after it had knowledge of the misrepresentation is insufficient to raise a triable issue of fact, since this assertion was made in an attorney affirmation without attestation to personal knowledge of the facts (see Forest Glen Realty, LLC v T11 Funding, 208 AD3d 1312, 1319).
The parties' remaining contentions either are without merit, or need not be reached in light of the foregoing.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court